Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Corrections and Community Supervision finding petitioner guilty of violating a prison disciplinary rule.

Determination confirmed. No opinion.

Lahtinen, J.P., McCarthy, Egan Jr. and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

◼ In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-A. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner; JASON ROBERT WILEY, Respondent. [18 NYS3d 572]—Per Curiam. Respondent, who was admitted to practice by this Court in 2000, was suspended by this Court's order dated January 30, 2014 for failure to comply with the attorney registration requirements of Judiciary Law § 468-a (113 AD3d 1020 [2014]).

Respondent now requests reinstatement on the ground that he has complied with the attorney registration requirements of Judiciary Law § 468-a and the Rules of the Chief Administrator of the Courts (see 22 NYCRR part 118). Petitioner does not object to respondent's application.

Respondent's application is granted and he is ordered reinstated, effective immediately.

Lahtinen, J.P., Egan Jr., Rose and Lynch, JJ., concur. Ordered that respondent's application is granted; and it is further ordered that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.

◼ In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-A. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner; TOVA WEISS, Respondent. [18 NYS3d 572]—Per Curiam. Respondent, who was admitted to practice by this Court in 2000, was suspended by this Court's order dated January 30, 2014 for failure to comply with the attorney registration requirements of Judiciary Law § 468-a (113 AD3d 1020 [2014]).

Respondent now requests reinstatement on the ground that she has complied with the attorney registration requirements of Judiciary Law § 468-a and the Rules of the Chief Administrator of the Courts (see 22 NYCRR part 118). Petitioner does not object to respondent's application.

Respondent's application is granted and she is ordered reinstated, effective immediately.

Lahtinen, J.P., Egan Jr., Rose and Lynch, JJ., concur. Ordered that respondent's application is granted; and it is further ordered that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.

█ In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-A. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner; ELLISON KWAME OWUSU-FORDWOUH, Respondent. [18 NYS3d 573]—Per Curiam. Respondent, who was admitted to practice by this Court in 2005, was suspended by this Court's order dated January 30, 2014 for failure to comply with the attorney registration requirements of Judiciary Law § 468-a (113 AD3d 1020 [2014]).

Respondent now requests reinstatement on the ground that he has complied with the attorney registration requirements of Judiciary Law § 468-a and the Rules of the Chief Administrator of the Courts (see 22 NYCRR part 118). Petitioner does not object to respondent's application.

Respondent's application is granted and he is ordered reinstated, effective immediately.

Lahtinen, J.P., Egan Jr., Rose and Lynch, JJ., concur. Ordered that respondent's application is granted; and it is further ordered that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.

█ In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-A. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner; IRIANA BLITSHTEIN, Respondent. [18 NYS3d 573]—Per Curiam. Respondent, who was admitted to practice by this Court in 2000, was suspended by this Court's order dated January 30, 2014 for failure to comply with the attorney registration requirements of Judiciary Law § 468-a (113 AD3d 1020 [2014]).

Respondent now requests reinstatement on the ground that she has complied with the attorney registration requirements of Judiciary Law § 468-a and the Rules of the Chief Administrator of the Courts (see 22 NYCRR part 118). Petitioner does not object to respondent's application.

Respondent's application is granted and she is ordered reinstated, effective immediately.

Lahtinen, J.P., Egan Jr., Rose and Lynch, JJ., concur. Ordered that respondent's application is granted; and it is further ordered that respondent is reinstated as an attorney